OPINION
{¶ 1} Defendant-appellant Dee Ritenour dba Dee's Travel appeals the September 5, 2000 Judgment Entry of the New Philadelphia Municipal Court which overruled her objections to the magistrate's decision and entered judgment in favor of plaintiffs-appellees Don and Patricia Kneuss. Appellant also appeals the October 12, 2001 Judgment Entry which overruled her motion for a new trial.
 STATEMENT OF THE CASE AND FACTS {¶ 2} On August 9, 1999, appellees filed a small claims action for the return of $775.00 used to purchase an airline and hotel travel package. Appellees purchased the travel package from appellant, a travel agent. Appellant arranged the travel package through Continental Airlines and its vacation subsidiary, Certified Vacations. Appellees gave a check to appellant, made payable to Certified Vacations for $750.00 and received airline tickets and hotel vouchers. Appellees did not purchase travel insurance. The ticket package was promptly delivered to appellees and the trip was scheduled for May 18, 1999.
 {¶ 3} Unfortunately, on the way to the airport, appellees' car broke down. As a result, appellees missed their flight. Appellees contacted appellant's office and appellant attempted to cancel the trip. Unfortunately, appellant was unable to get either an airline or a hotel refund for appellees from the supplier. Appellant did not receive a fee on this transaction because appellees failed to attend the trip.
 {¶ 4} On August 10, 1999, appellees filed a small claim action against appellant. The matter proceeded to trial before a magistrate on January 27, 2000. The magistrate issued his decision on February 4, 2000, finding appellant liable for $750.00 based upon a violation of the Ohio Consumer Protection Law. The trial court adopted the magistrate's decision on the same day.
 {¶ 5} On February 10, 2000, appellant filed two objections to the magistrate's decision. Those objections were: "1) That the Decision of the Magistrate is against the manifest weight of the evidence and is unlawful pursuant to Federal Statute, and Supreme Court of the United States. 2) Further, that Federal Law preempts the Ohio Consumer Sales Practice Act and said Brief of Defendant filed in this Cause clearly sets forth the law which the Magistrate has failed to acknowledge, which directly affects this Defendant."
 {¶ 6} Via Judgment Entry dated April 7, 2000, the trial court advised appellant that Christine Engstrom was the authorized court stenographer and could be contacted for the preparation of a transcript of the proceedings.
 {¶ 7} On September 5, 2000, the trial court overruled appellant's objections to the magistrate's decision. Therein, the trial court stated: "The court finds that a transcript of proceedings has not been filed with the court. However, the court views the objection largely to be one of law, in that the defendant claims that Federal law preempts the Ohio Consumer Sales Practices Act. The court overrules this objection and finds that the magistrate's decision should be approved."
 {¶ 8} Thereafter, on September 7, 2000, appellant filed a motion for a new trial. Attached to the motion for a new trial was an affidavit from Christine Engstrom which stated appellant had ordered a transcript. However, after listening to a portion of the tape, Ms. Engstrom "expressed some doubt as the clarity of the audiotape" and agreed to make another attempt to listen to the tape when headphones could be located. Apparently, Ms. Engstrom never located headphones, and therefore, never prepared a transcript. In an October 12, 2001 Judgment Entry, the trial court overruled appellant's motion for a new trial.
 {¶ 9} Appellant now appeals the September 5, 2000 Judgment Entry overruling her objections to the magistrate's decision, and the trial court's October 12, 2001 Judgment Entry, which overruled her motion for a new trial. Appellant assigns the following errors for our review:
 {¶ 10} "I. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR AND ABUSED ITS DISCRETION IN OVERRULING APPELLANT'S MOTION FOR NEW TRIAL DATED SEPTEMBER 7, 2000.
 {¶ 11} "II. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN ADOPTING A MAGISTRATE'S DECISION WHICH UNLAWFULLY IMPOSED THE `DEPOSIT RULE' OF OAC 109:4-3-07
UPON APPELLANT, WHICH RULE EXPRESSLY DOES NOT APPLY TO THE FACTS IN THE CASE.
 {¶ 12} "III. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN RULING THAT APPELLANT OWED APPELLEES A REFUND WHEN THE UNCONTROVERTED EVIDENCE ILLUSTRATED APPELLANT HAD COMPLETED HER CONTRACT WITH APPELLEES."
 I, II, III {¶ 13} In appellant's first assignment of error, she maintains the trial court erred in denying her motion for a new trial. In appellant's second assignment of error, she argues the trial court erred in adopting the magistrate's decision finding the deposit rule when the rule applied did not apply to the facts of the case. In appellant's third assignment of error, she contends the trial court erred in finding she owed a refund when the uncontroverted evidence illustrated she had completed the contract with appellees. Because these assignments of error are interrelated, we address them together.
 {¶ 14} As noted in the Statement of the Case and Facts, appellant filed objections to the magistrate's decision. For whatever reason, appellant was unable to obtain a transcript of the hearing before the magistrate for the trial court's review.
 {¶ 15} Civ.R. 53 provides, in relevant part: "(E)(3) Objections * * * (b) Form of objections. Objections shall be specific and state with particularity the grounds of objection. If the parties stipulate in writing that the magistrate's findings of fact shall be final, they may object only to errors of law in the magistrate's decision. Any objectionto a finding of fact shall be supported by a transcript of all theevidence submitted to the magistrate relevant to that fact or anaffidavit of that evidence if a transcript is not available. A partyshall not assign as error on appeal the court's adoption of any findingof fact or conclusion of law unless the party has objected to thatfinding or conclusion under this rule." (Emphasis added).
 {¶ 16} As noted above, appellant failed to provide a transcript of the magistrate's hearing to the trial court for the trial court's review. While appellant did file an affidavit with his motion for a new trial, we find the affidavit did not comply with Civ.R. 53. The rule requires an affidavit of the evidence submitted to the magistrate, not an affidavit demonstrating why the transcript was unavailable. Therefore, we find the trial court's denial of appellant's motion for a new trial was proper due to appellant's noncompliance with the rule. Appellant cannot circumvent the requirement of providing the trial court with a transcript with a filing of a motion for a new trial.
 {¶ 17} Because appellant failed to provide a transcript to the trial court, appellant is now foreclosed from making any argument relative to the magistrate's finding of fact on appeal. However, appellant is still permitted to appeal any objections it raised to the trial court with regard to any conclusion of law reached by the magistrate. Our review of appellant's objections demonstrates the only objection made to the trial court was that the magistrate erred in failing to find that Federal law preempts the Ohio Consumer Sales Practice Act ("OCSPA"). Any other legal argument is waived on appeal pursuant to App.R. 53. Accordingly, we turn our attention to appellant's sole remaining argument.
 {¶ 18} In her memorandum to the trial court, appellant argued the consumer protection statutes of Ohio are preempted by Federal law. Therefore, she could not be found liable under the OCSPA. In support of this proposition, appellant cites American Airlines Inc. v. Wolens
(1995), 513 U.S. 219, 130 L.Ed. 715.
 {¶ 19} Wolens was a consolidated state court class action brought in Illinois. Plaintiffs therein were participants in an American Airlines frequent flier program and had challenged American's retroactive changes in the program terms and conditions, particularly American's imposition of capacity controls (limits on seats available to passengers obtaining tickets with frequent flier credits) and blackout dates. The plaintiffs alleged application of these changes to the mileage credits previously accumulated violated the Illinois Consumer Fraud and Deceptive Businesses Practices Act and constituted a breach of contract. American answered that the airline Deregulation Act of 1978 (ADA) preempted the plaintiffs' claims.
 {¶ 20} The Supreme Court held the ADA prohibited states from enacting or enforcing any law or provision having the force or effect of regulating air carriers rates, routes, or services. However, the Supreme Court allowed room for state court enforcement of contract terms set by party themselves. Wolens 115 S.Ct. 817, 819, syllabus.
 {¶ 21} In the February 4, 2000 Magistrate's Decision, the magistrate found the OCSPA applied to this case. The magistrate stated: "[Wolens, supra] held that the Airline Deregulation Act (ADA)92 Stat. 1705 preempted State law with respect to the application of state consumer sales practices statutes against airlines that are regulated by the ADA. The case did not hold that the preemption included business activities of travel agents. This Court concludes that the Ohio Consumer Sales Practices Act does apply to the business activities of travel agent business." Magistrate's Decision at 2.
 {¶ 22} We agree with the magistrate the ADA only preempts state law with respect to the application of state consumer sales practices statutes against airlines that are regulated by the ADA. As stated by the magistrate, this contract was between a consumer and a travel agent. Accordingly, we find the trial court properly concluded the appellee's claim was not preempted by federal law.
 {¶ 23} For these reasons, each of appellant's assignments of error are overruled.
 {¶ 24} The September 5, 2000, and October 12, 2001 Judgment Entries of the New Philadelphia Municipal Court are affirmed.
By: Hoffman, P.J., Edwards, J. and Boggins, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the September 5, 2000, and October 12, 2001 Judgment Entries of the New Philadelphia Municipal Court are affirmed. Costs assessed to appellant.